## SAGE *v.* ST. PAUL, S. & T. F. RY. CO.

(*Circuit Court, D. Minnesota.* January 13, 1891.)

1. RAILROAD GRANTS—CONSTRUCTIVE FRAUD—LIMITATION OF ACTIONS.

Where a railroad company has complied with an act of congress granting land to the state of Minnesota for railroad purposes, and with the state law transferring the grant to it, a transfer by the state to another company is a constructive fraud, as the lands are held by the state in trust for the former company; and an action to recover such lands is not governed by Gen. St. Minn. c. 66, tit. 2, § 6, subd. 7, which specifies the period of limitation for "actions to enforce a trust or compel an accounting," but by subd. 6, which relates to actions "for relief on the ground of fraud," and specifies that the cause of action shall not be deemed to have accrued until a discovery of the fraud.

2. SAME—PRIORITY OF LOCATION.

As between two land-grant railroads, the definite location of the line of road under a later grant, if the road is finished, will carry all lands within the place limits which have not then been selected as indemnity lands under an earlier grant.
Affirming 32 Fed. Rep. 821.

On Rehearing in Equity.

Bill by the Hastings & Dakota Railway Company to recover possession of lands held adversely by defendant. the St. Paul, Stillwater & Taylor's Falls Railway Company. For former report, see 32 Fed. Rep. 821.

*Cole & Bramhall,* for complainant.

*Wilson & Bowers,* for defendant.

NELSON, J. This cause was before Judge BREWER in 1887, and decided, with reference to a master to take an account (see 32 Fed. Rep. 821) on the application for the entry of a final decree. A rehearing was allowed, and the merits of the controversy presented by the evidence, and all briefs of counsel have been examined. I agree with Judge BREWER in the opinion announced when the cause was before him, that the complainant is entitled to a decree. He decided that, as between two land-grant railroads, the definite location of the line of road under a later grant, if the road is finished, will carry all lands within the place limits which have not been selected as indemnity lands under an earlier grant at the time of the location. The lands in controversy are within the place limits of the Hastings & Dakota Railway and the indemnity limits of the road of the defendant, and the definite location of the Hastings & Dakota road was made by the defendant. No opinion is expressed by him of the effect of a withdrawal of lands within the indemnity limits of the defendant's road, by competent authority, before the definite location of the Hastings & Dakota Railway in determining the rights of the parties, I presume for the reason that there is no plenary or satisfactory proof of a withdrawal of the lands within the indemnity limits earlier than August, 1868, more than a year after the route of the Hastings & Dakota road was located. The defendant was allowed on the rehearing to amend its answer and plead the statute of limitation, and in the briefs submitted it is urged by the defendant's counsel that the action is barred by subdivision 7, § 6, c. 66, tit. 2, Gen. St. Minn. If

v.44F.no.12—52

there is a statutory bar, it must be by reason of one or the other of the following subdivisions of section 6, which fixes the limit of six years within which to commence actions, viz.:

"Subd. 6. An action for relief on the ground of fraud; the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. Subd. 7. Actions to enforce a trust or compel an accounting, where the trustee has neglected to discharge his trust, or has repudiated the trust relation, or has fully performed the same."

While I am of the opinion that in this case no lapse of time short of the period which is the statutory limitation prescribed for actions at law for the recovery of real property, which is 20 years, should be applied, yet, as I may be in error in so holding, I shall consider the statute presented, and the point urged by counsel that this action is one to enforce a trust or compel an accounting, and is barred by subdivision 7, § 6, c. 66, tit. 2, Gen. St. Minn., and that more than six years have elapsed since the cause of action accrued. The state of Minnesota acquired title to the lands in controversy upon the definite location of the line of road of the Hastings & Dakota Railway, and before the conveyance of the same to the defendant. This railroad, having complied with the act of congress and the law of the state transferring the grant to it, was justly entitled to the lands which were conveyed to the defendant. The state held the lands in trust for the road under an act of congress, of which the defendant was bound to take notice. In equity, the transfer by the state to the defendant was an act in fraud of law and the rights of complainant, and is within the strict definition of legal or constructive fraud.

Upon the facts it appears that the defendant, with notice of the trust in the state, acquired the legal title to the lands which equitably belonged to the complainant, and is therefore charged with the same trust, and a trustee for it. The fraud derives its character from the consequences of the act in relation to others, and this is what the law construes to be a fraud. The seventh subdivision, § 6, c. 66, *supra*, does not apply, but rather the sixth subdivision, for the relief sought is based upon the legal or constructive fraud, and there is no evidence that the Hastings & Dakota Railway Company had knowledge of the conveyance to the defendant by the state six years before the commencement of the cause of action, so as to set in motion the statute.

It follows, therefore, that the complainant is entitled to a decree.